JS-6

Brenton R. Babcock (SBN 162,120)
brent.babcock@knobbe.com
Michelle E. Armond (SBN 227,439)
michelle.armond@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs
TREASURE GARDEN, INC. and
GLATZ AG

H. Craig Parker (SBN 072,193)
hcp@kpzlaw.com
KUROSAKI & PARKER, P.C.
445 South Figueroa Street, Suite 2325
Los Angeles, CA 90071

Attorneys for Defendant
MARCH PRODUCTS, INC., d/b/a
CALIFORNIA UMBRELLA

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TREASURE GARDEN, INC., a California corporation, and GLATZ AG, a Swiss corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MARCH PRODUCTS, INC., a California corporation, d/b/a CALIFORNIA UMBRELLA, <br><br> Defendant. | Civil Action No. 12-cv-10657 PA (FFMx) <br><br> [~~PROPOSED~~] ORDER GRANTING STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE <br><br> The Honorable Percy Anderson |

This case having come before this Court, and it being represented to the Court that Plaintiffs Treasure Garden, Inc. and Glatz AG (collectively "Plaintiffs") and Defendant March Products, Inc., d/b/a California Umbrella ("California Umbrella") (collectively the "Parties"), have compromised and settled the matters in dispute, IT IS HEREBY ORDERED, ADJUDICATED and DECREED as follows:

### PERMANENT INJUNCTION ORDER

Having considered the Stipulation of the Parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the Parties and the subject matter in this case.

2. Venue is proper in this judicial district.

3. Pursuant to 35 U.S.C. § 283, as of the date of this Court's Order, California Umbrella, and any of its employees, agents, representatives, subsidiaries, directors, principals, officers, successors, and assigns, and all others acting in concert or participation with California Umbrella who receive actual notice of this Order, SHALL BE PERMANENTLY ENJOINED AND RESTRAINED from directly or indirectly importing, making, manufacturing, marketing, advertising, using, offering for sale, and selling during the term of the '980 Patent, the following: (i) the VAST 338 and VAST 118 umbrella products; (ii) any product that is merely colorably different from the VAST 338 and VAST 118 umbrella products; or (iii) any product that infringes or is covered by one or more claims of the '980 Patent.

4. This Court shall retain jurisdiction of this action to the extent necessary to ensure full compliance with all obligations imposed by this Order, including the enforcement this Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the Parties, as set forth in this

///

1  Stipulated Permanent Injunction, shall be enforced, if necessary, exclusively by this Court.

5. If in the future either party files suit against the other party vis-à-vis the '980 Patent, the filing party shall file suit in the United States District Court for the Central District of California and, pursuant to Local Rule 4.3.1, simultaneously file a Notice of Related Case with the Court identifying this dismissed action.

6. California Umbrella waives any appeal of the Stipulated Permanent Injunction.

7. Each of the Parties shall bear its own costs, expenses, and attorneys' fees.

8. This is a final judgment. Subject to this Court's limited retention of jurisdiction as set forth above, all claims and any counterclaims filed in this action SHALL BE DISMISSED WITH PREJUDICE.

9. Having addressed each of the claims and counterclaims in this action, this case shall be closed.

IT IS ORDERED

Dated: February 16, 2013       By: _____
                                   HON. PERCY ANDERSON
                                   UNITED STATES DISTRICT JUDGE